

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-140-CR

THE STATE OF TEXAS                                                    STATE

V.

ISSIAH BOWMAN                                                    APPELLEE

------------

### FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

The State appeals from the trial court's written order granting Appellee Issiah Bowman's motion to suppress evidence. The State concedes that the search of Appellee's car incident to his arrest on a traffic warrant is not valid under *Arizona v. Gant*, 129 S. Ct. 1710 (2009), but the State contends that the trial court should have nevertheless denied the motion to suppress because the officers on the scene had

---

[1] *See* Tex. R. App. P. 47.4.

independent probable cause to search Appellee's car under the automobile exception to the warrant requirement. We affirm the trial court's order.

## II. Procedural and Factual Background

Appellee was indicted on September 12, 2008, for possessing more than four but less than two hundred grams of a controlled substance. On April 27, 2009, the trial court conducted a hearing on Appellee's motion to suppress the evidence seized during the warrantless search of his vehicle, and the trial court granted the motion. The State thereafter filed this interlocutory appeal.[2]

Detective Tracey Crow, a Fort Worth Police Department narcotics officer, testified at the suppression hearing that she received information from a confidential informant in January 2008 that Appellee was a methamphetamine dealer. On March 24, 2008, Detective Crow learned from the same confidential informant that Appellee would be at the Albertson's parking lot near Ridgmar Mall in Fort Worth at a specified time, that he would be driving a maroon Cadillac, that he would be meeting with his supplier, and that he would be in possession of a substantial amount of methamphetamine.

Officer Harold Cussnick, a dog handler with the narcotics division, and Officer James Fields, a patrol officer, assisted Detective Crow on the day of Appellee's anticipated meeting with his supplier. Officer Cussnick sat in a separate, unmarked

---

[2] *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2009).

patrol unit in another part of the Albertson's parking lot to conduct surveillance and communicated by radio with Detective Crow. Officer Fields waited in his patrol car behind an adjacent business until he received instructions to initiate a traffic stop of Appellee's vehicle.

Detective Crow testified that she had already parked in the Albertson's parking lot before Appellee arrived. She watched Appellee exit his vehicle, go inside the Albertson's, and return to his vehicle approximately fifteen minutes later. After Appellee returned to his vehicle, he waited for his alleged supplier to arrive, and once the alleged supplier arrived, Appellee exited his vehicle and walked toward the alleged supplier's vehicle. Appellee then walked back to his vehicle carrying a black plastic bag. Detective Crow testified that, based on her observation and the information she had received from the confidential informant, she believed Appellee had obtained a bag of methamphetamine from his supplier.

Officer Fields testified that he initiated a traffic stop of Appellee's vehicle after Appellee drove away from the Albertson's parking lot. Officer Fields said that Officer Cussnick had witnessed Appellee drive without a seatbelt and that he had personally seen Appellee turn left without using his signal. Officer Fields testified that the seatbelt and turn-signal violations were the sole reasons he stopped Appellee's

vehicle. After confirming that Appellee had an outstanding warrant,[3] Officer Fields arrested Appellee, handcuffed him, placed him in the patrol car, and conducted a search of Appellee's car incident to his arrest. While searching Appellee's vehicle, Officer Fields found a black plastic bag in the front passenger seat containing what he believed to be methamphetamine.

### III. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

When the trial court grants a motion to suppress without filing findings of fact or any other explanation, and the only evidence presented in the suppression hearing is the testimony of the arresting officer—which, if believed, clearly

---

[3] ... Detective Crow testified that she knew before the anticipated meeting that Appellee had an outstanding warrant.

4

constitutes probable cause—there is not a "concrete" set of facts that can be implied from such a ruling. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). In those cases, there is a mixed question of law and fact that turns on an evaluation of the credibility and demeanor of the sole witness whom the trial court obviously chose not to believe. *Id.*; *Guzman*, 955 S.W.2d at 89. In such cases, we view the evidence in the light most favorable to the trial court's ruling, giving it almost total deference. *Estrada*, 154 S.W.3d at 607; *Ross*, 32 S.W.3d at 856; *Guzman*, 955 S.W.2d at 89.

### IV. Analysis

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. amend. IV; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). A search conducted without a warrant is per se unreasonable unless it falls within one of the "specifically defined and well-established" exceptions to the warrant requirement. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1004 (2003); *see Best v. State*, 118 S.W.3d 857, 862 (Tex. App.—Fort Worth 2003, no pet.). One such exception is the automobile exception, which provides that "a warrantless search of a vehicle is reasonable if law enforcement officials have probable cause to believe that the vehicle contains contraband." *Wiede*, 214 S.W.3d at 24. Another exception is a search incident to arrest. *See Gant*, 129 S. Ct. at 1723–24. But "[p]olice may

search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 1723.

The State correctly concedes that the search of Appellee's car incident to his arrest was unreasonable under *Arizona v. Gant* because Appellee had been arrested for a traffic warrant and was handcuffed and sitting in a patrol car at the time Officer Fields searched his car. *See id.* at 1719, 1723–24. However, despite the invalidity of the search as one incident to Appellee's arrest, the State points to language in *Gant* that affirmed the viability of the automobile exception and contends that the officers on the scene had independent probable cause to search Appellee's car based on their collective knowledge and observations of the drug transaction in the Albertson's parking lot. *See id.* at 1721 (stating that exceptions other than search incident to arrest, including automobile exception, "authorize a vehicle search under additional circumstances when safety or evidentiary concerns demand"); *see also Woodward v. State*, 668 S.W.2d 337, 344 (Tex. Crim. App. 1982) (holding sum of information known to cooperating officers to be considered in determining whether there is probable cause when there has been some cooperation between the officers).

6

The State's reading of *Gant* is correct, but the mere existence of the automobile exception does not compel reversal of the trial court's suppression ruling. The only witnesses at the suppression hearing were the investigating and arresting officers, and although their testimony clearly constitutes probable cause if believed, there are suggestions in the record that the trial court questioned whether Appellee actually committed traffic violations and whether there was independent probable cause to search Appellee's car. For example, the trial court stated at the suppression hearing that when the officers saw the bag being exchanged, they "should have swooped in on [Appellee] at that time and arrested him for that. Not to stop him on a traffic violation, you know, which could or could not have been trumped up." Further, we note that Detective Crow testified that her initial report never specifically mentions a confidential informant and is written as if the search of Appellee's car was solely a search incident to arrest. If the trial court doubted the veracity of Detective Crow's testimony concerning the existence or corroboration of the confidential informant, the State's remaining evidence in support of probable cause is the officers' collective observation of Appellee exchanging a black plastic bag with a person in another vehicle in a parking lot, and that evidence does not establish probable cause. Moreover, the trial court stated on the record: "The problem is, of course, they stopped him just on a traffic arrest. And that falls in line with *Gant*." *See* 129 S. Ct. at 1723–24.

In light of the trial court's statements, we cannot imply a concrete set of historical facts or presume the trial court found the officers' testimony to be entirely credible.  *See Ross*, 32 S.W.3d at 856.  Thus, because we are prevented by the applicable standard of review from conducting our own factual review, are required to defer to the trial court's determinations of credibility and demeanor, and must view the evidence in the light most favorable to the trial court's ruling by giving it almost total deference, we hold that the trial court did not err by granting Appellee's motion to suppress.  *See Estrada*, 154 S.W.3d at 607; *Ross*, 32 S.W.3d at 856; *Guzman*, 955 S.W.2d at 89; *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). We therefore overrule the State's sole issue.

## V.  Conclusion

Having overruled the State's sole issue, we affirm the trial court's order.


ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 15, 2010

8